UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary L. Cunningham, | ) | C/A No.5:12-cv-03097-CMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Mr. Leroy Cartledge, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner Gary L. Cunningham ("Petitioner" or "Cunningham") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 22, 23. On February 22, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 24. On April 30, 2013, Petitioner filed a response in opposition to Respondent's Motion for Summary Judgment. ECF No. 30. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be granted.

I.      Background

Petitioner is currently incarcerated in the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In July 2007, Petitioner was indicted by a

Greenville County Grand Jury for murder (2007-GS-23-005831). App. 57-58.[1] On January 14, 2009, Petitioner entered a guilty plea to voluntary manslaughter before the Honorable Edward Miller. App. 3-14. Attorney Nihar Patel represented Petitioner, and Assistant Solicitor Howard Steinberg appeared on behalf of the State. App. 1. Petitioner was sentenced to 30 years imprisonment. App. 19.

II. Procedural History

Petitioner timely filed and served a notice of appeal. ECF No. 30-1. On June 10, 2009, the South Carolina Court of Appeals dismissed Petitioner's appeal pursuant to Rule 203(d)(1)(B)(iv), SCACR. ECF No. 23-6. A remittitur was issued on June 30, 2009. ECF No. 23-7.

On October 8, 2009, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 20-26. In his application, Petitioner argued he was entitled to relief on the following grounds:

(a) Ineffective Assistance of Counsel
(b) Not Receiving Motion of Discovery
(c) Coerced into making a plea.

App. 22. In response, the State filed its Return on December 29, 2009, and requested an evidentiary hearing on Petitioner's ineffective assistance of counsel and involuntary guilty plea claims. App. 27-31. On November 16, 2010, an evidentiary hearing was conducted in Greenville County before the Honorable Robin B. Stillwell. App. 32. At the hearing Petitioner was represented by Caroline Horlbeck, Esq., while the State was represented by Assistant Attorney General Karen C. Ratigan. *Id.* Petitioner and his former defense attorney, Nihar Patel, testified.

---

[1] Citations to "App." refer to the Appendix for Petitioner's appeal of his judgment of conviction. That appendix is available at ECF No. 23-1 in this habeas matter.

App. 36-46. On January 28, 2011, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.

Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § l7-27-80 (2003).

#### Ineffective Assistance of Counsel/Involuntary Guilty Plea

The Applicant alleges his guilty plea was involuntary and that he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 1712 (1969); Dover v. State, 304 S.C. 433, 434, 405 S.E.2d 391, 392 (1991). When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the post-conviction relief hearing. Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 657 (2000).

The Applicant stated a doctor from outside the detention center had prescribed Xanax and Prozac. The Applicant stated the detention center did not give him this medication, however, and instead gave him something else. The Applicant stated he could not understand what was happening at the guilty plea

hearing. The Applicant admitted he never told plea counsel that he was confused or did not understand the proceedings.

Plea counsel testified he filed discovery motions and reviewed the State's evidence with the Applicant. Plea counsel testified they also reviewed the impact that the Applicant's confession would have on their case. Plea counsel testified the Applicant never appeared to have difficulty understanding their discussions and that the Applicant never told him that he was confused. Plea counsel testified the Applicant had a psychiatric evaluation almost nine (9) months before the plea hearing and was determined to be both competent and criminally responsible for his actions. Plea counsel stated there was nothing in their interactions that would have made him seek a second evaluation. Plea counsel stated he knew the Applicant was on medication but did not know if he was taking this medication while at the jail. Plea counsel stated he and the Applicant discussed the advantages and disadvantages of both a trial and plea and that the Applicant wanted to plead guilty. Plea counsel stated he told the Applicant that he was pleading guilty without a recommendation and explained the minimum and maximum sentences he could receive.

Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

The Applicant admitted to the plea judge both that he was guilty and that the facts recited by the solicitor were true. (Plea transcript, p. 9, p. l2). The Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. (Plea transcript, pp. 7-10).

This Court finds the Applicant failed to meet his burden of proving either that plea counsel was ineffective or that his guilty plea was involuntary. The Applicant told the plea judge that he was "supposed to be on Prozac and Xanax" but that he was not receiving this medication at the Jail. (Plea transcript, p. 4). The solicitor noted the Applicant had undergone a mental evaluation and was found competent. (Plea transcript, pp. 5-6). The Applicant explained the roles of all the parties in the courtroom to the plea judge and plea counsel stated "[the Applicant] understands why he's here, what he's pleading to, what he's originally charged with." (Plea transcript, pp. 4-5). Based upon the foregoing - and the Applicant's responses to the plea judge's questions during the plea colloquy - there is no basis to the Applicant's assertion that his guilty plea was involuntary. See Boykin v. Alabama, 395 U.S. at 243-44, 89 S. Ct. at 1712. Further, the Applicant failed to present any evidence (in the form of an expert witness in psychiatry or pharmacology, for example) that the Applicant was not competent to plead guilty

    that day. See, Dempsey v. State, 363 S.C. 365, 370, 610 S.E.2d 812, 815 (2005) (finding that, as the applicant failed to have an expert testify at the evidentiary hearing, "any finding of prejudice is merely speculative"). This Court finds plea counsel's testimony that the Applicant understood their conversations and was competent to proceed is credible.

    Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by plea counsel's performance.

    This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. This Court also concludes the Applicant has failed to meet his burden of proving his guilty plea was not knowing and voluntary. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

### All Other Allegations

    As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

### CONCLUSION

    Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Furthermore, the Applicant's guilty plea was entered knowingly and voluntarily within the mandates of Boykin. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 49-53. Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend. Petitioner, represented by Wanda H. Carter of the South Carolina Commission on Indigent Defense, timely filed a Johnson[2] Petition for Writ of Certiorari. ECF No. 23-8. Petitioner presented one issue

---

[2] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

and argued that "[t]rial counsel erred in failing to obtain a second and/or independent mental evaluation of petitioner because but for the omission, counsel might have been able to develop a mental illness defense for use either at a trial by jury or in mitigation during plea negotiations." *Id.* at 3. On January 11, 2012, the South Carolina Supreme Court denied certiorari. ECF No. 23-9. The remittitur was issued on January 30, 2012. ECF No. 23-10. Petitioner's habeas petition was filed on October 26, 2012. ECF No. 1.

III.    Discussion

   A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

> GROUND ONE: Ineffective Assistance of Trial (Plea) Counsel – Failure to properly investigate.
>
> Supporting facts: 1. At the time of incident, the Petitioner was on disability, receiving mental treatment and compensations. 2. "Lengthy history" of mental disability. 3. Petitioner was under mental health treatment and medications, after arrest and at the time of plea. Counsel professed no knowledge.
>
> GROUND TWO: Ineffective Counsel – failure to obtain an independent mental evaluation for possible insanity defense.
>
> Supporting facts: Please see (Attachment -2). 1. Petitioner stabbed victim with two different knives, rinsed the knives after using them, went out, purchased beer, and returned to scene of the incident, (apartment).

ECF No. 1 at 5-6.

   B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth

6

specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an

application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.   Analysis

A.  Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas petition should be dismissed because Petitioner's claims are barred by the statute of limitations.  ECF No. 23 at 11.  The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court.  28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

As previously summarized, Petitioner's appeal of his guilty plea and sentence was dismissed on June 11, 2009 because Petitioner "did not identify an issue which [was] reviewable on appeal."  ECF No. 23-6.  Because Petitioner did not file a Petition for Reinstatement, his conviction became final on June 26, 2009, after the time period for filing the Petition for Reinstatement had expired. *See* Rule 260, SCACR (stating that petitions for reinstatement must be actually received by the appellate court within fifteen (15) days after the filing of the order of dismissal).  Petitioner's filing of his PCR application on October 8, 2009 tolled the one-year

8

limitations period, *see* 28 U.S.C. § 2244(d)(2); 104 days had elapsed when Petitioner filed his PCR application, leaving 261 days within which Petitioner could timely file a federal habeas petition. Petitioner's appeal of the denial of his PCR Application was denied on January 11, 2012, and the remittitur was issued on January 30, 2012. ECF Nos. 23-9, 23-10.  The AEDPA one-year statute of limitation time period began to run at this time and Petitioner had until October 17, 2012 to file his federal habeas petition. Petitioner filed this petition on October 23, 2012,[3] six days after the expiration of the AEDPA statute of limitations.  Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

    B.  The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

---

[3] *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2254 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

In his Response to Respondent's summary judgment motion, Petitioner does not address Respondent's argument that his petition is barred by the AEDPA statute of limitations. Instead Petitioner argues that he "is an individual possessed of immense mental disadvantages, worthy of both reconsideration of sentence and assistance of rehabilitation facilities, as well." ECF No. 30. The undersigned has reviewed Petitioner's filings and the record before the court and finds that equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).[4]

---

[4] Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits.)

V.      Conclusion and Recommendation

Wherefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 22, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

May 20, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**